UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYRONE JORDAN,<br><br>      Plaintiff,<br><br>   -against-<br><br>ABDULLA HUSSIEN,<br><br>      Defendant. | 1:24-CV-2656 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Tyrone Jordan, who alleges that he is a pretrial detainee currently held in the Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"), in New Hampton, Orange County, New York, appears *pro se*. (*See* ECF 1, at 2, 4.) He filed this action purportedly asserting claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and sues King Abdullah II bin Al-Hussein of Jordan. (*Id.* at 2-3.) Plaintiff seeks $50 billion in damages. (*Id.* at 5.)

  By order dated May 13, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff states that the federal constitutional or statutory bases for this action are: "8th Amendment Cruel and Unusual Punishment" and "copyright infringement." (ECF 1, at 3-4.) He asserts that the events that are the bases for his claims occurred at Mid-Hudson, on March 11, 2021. (*Id.* at 4-5.) Plaintiff also asserts, in the injuries section of his complaint, that "people got your name on the money and it is doing me harm [through] the years emotional distress – 3 years medical treatment. [*sic*]" (*Id.* at 5.)

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible. . . ." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33 (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating a claim is frivolous when it "lacks an arguable basis either in law or in fact"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an

indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

To the extent that the Court can understand Plaintiff's complaint, Plaintiff alleges that the defendant, the King of Jordan, has infringed on Plaintiff's copyright and violated his Eighth Amendment rights because the defendant's name is on currency. However, a "[p]laintiff's beliefs − however strongly he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report & recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions of these claims. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief).

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the Court with allegations that he believes to be true but are implausible; indeed, he has pleaded no factual predicate to support them. Therefore, his allegations amount to conclusory claims and suspicions and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652, 17-CV-5458, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and

various government actors" because his allegations were "irrational and wholly incredible" (footnote omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and, for the reasons discussed above, the Court dismisses this action as frivolous. *See* § 1915(e)(2)(B)(i).

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: August 12, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge